IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | |
| Plaintiff, | **8:22CV247** |
| vs. | |
| OFFICER BLUE, in his individual & official compacity, et al.; | **MEMORANDUM AND ORDER** |
| Defendants. | |
| AUSTIN EDWARD LIGHTFEATHER, | |
| Plaintiff, | **8:23CV214** |
| vs. | |
| MATTHEW PAVEY, and CODY MILLER, Corpral; | **MEMORANDUM AND ORDER** |
| Defendants. | |
| AUSTIN EDWARD LIGHTFEATHER, | |
| Petitioner, | **8:24CV84** |
| vs. | |
| ROBERT JEFFREYS, NDCS Director; | **MEMORANDUM AND ORDER** |
| Respondent. | |
| AUSTIN EDWARD LIGHTFEATHER, | |
| Plaintiff, | **8:24CV176** |
| vs. | |
| SOLLY, Lt., Individual compacity, et al.; | **MEMORANDUM AND ORDER** |

Defendants.

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>GRANT JENSEN, In the Individual Compacity of: Behavioral Case Worker;<br><br>Defendant. | **8:24CV177**<br><br>**MEMORANDUM AND ORDER** |
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONS RELIGOUS CORDNATOR RUCKER, in his individual compacity, et al.;<br><br>Defendants. | **8:24CV181**<br><br>**MEMORANDUM AND ORDER** |

The above-captioned matters are before the Court on correspondence dated July 12, 2024, from Austin Edward Lightfeather ("Lightfeather"), which the Court docketed as a Motion for Recusal in each case. Filing No. 18, Case No. 8:22CV247; Filing No. 19, Case No. 8:23CV214; Filing No. 3, Case No. 8:24CV84; Filing No. 7, Case No. 8:24CV176; Filing No. 4, Case No. 8:24CV177; Filing No. 6, Case No. 8:24CV181.

Lightfeather requests to have all his currently pending cases assigned to a new judge because he objects to the undersigned's rulings in his other previously-filed cases. "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias

2

or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. "[T]he plain text of § 144 mandates only that a district court judge ensure that another judge is assigned to any case in which a litigant has sufficiently alleged bias or prejudice, not that the recusal decision itself be rendered by a judge other than the judge to whom the motion is addressed." *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017).

"Relief under section 144 is expressly conditioned on the timely filing of a legally sufficient affidavit." *Holloway v. United States*, 960 F.2d 1348, 1355 (8th Cir. 1992) (quoting *United States v. Faul*, 748 F.2d 1204, 1210 (8th Cir.1984)); *see United States v. Johnson*, 827 F.3d 740, 746 (8th Cir. 2016) (a legally sufficient affidavit is required to disqualify a judge from hearing a case). Because Plaintiff has not filed a legally sufficient affidavit—or, for that matter, any form of affidavit—he is not entitled to any relief under 28 U.S.C. § 144.

Alternatively, a recusal motion may be considered under 28 U.S.C. § 455, which provides, inter alia, that a judge shall disqualify himself where "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

"Under both sections 144 and 455, the moving party is required to show personal bias or prejudice on the part of the presiding judge." *United States v. Jones*, 801 F.2d 304, 312 (8th Cir. 1986). "To be disqualifying, the judge's bias or prejudice must stem from an extrajudicial source." *Id*.; *Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1989) ("[T]here is no basis for disqualification absent a showing of personal bias or prejudice arising from an extrajudicial source."). That is to say, "personal bias or

3

prejudice" does not include opinions held by judges acquired in the course of the proceedings, nor does it include opinions held as a result of what judges learned in earlier proceedings. *See Liteky v. United States*, 510 U.S. 540, 551 (1994). "Moreover, a party is not entitled to recusal merely because a judge is 'exceedingly ill disposed' toward them, where the judge's 'knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings . . . .'" *In re Steward*, 828 F.3d 672, 682 (8th Cir. 2016) (quoting *Liteky*, 510 U.S. at 551). "Judicial rulings rarely establish a valid basis for recusal." *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013). "Here, [Lightfeather's] accusations are premised entirely on unfavorable rulings in previous litigation, which are neither extrajudicial, nor indicative of bias." *Buttercase v. Frakes*, No. 8:18-CV-131, 2019 WL 2513678, at *1 (D. Neb. June 18, 2019).

Accordingly,

IT IS THEREFORE ORDERED that: Lightfeather's Motion for Recusal, Filing No. 18, Case No. 8:22CV247; Filing No. 19, Case No. 8:23CV214; Filing No. 3, Case No. 8:24CV84; Filing No. 7, Case No. 8:24CV176; Filing No. 4, Case No. 8:24CV177; Filing No. 6, Case No. 8:24CV181, is denied.

Dated this 9th day of August, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge