IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>                Plaintiff,<br><br>vs.<br><br>OFFICER BLUE, in his individual capacity; OFFICER JOHNSON, in his individual capacity; OFFICER HELM, in his individual capacity; OFFICER WOLF, in her individual capacity; OFFICER THOMAS, in his individual capacity; and SGT. NEEDMAN, in his individual capacity;<br><br>                Defendants. | 8:22CV247<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on two motions seeking discovery (the "Discovery Motions"), Filing No. 27 and Filing No. 28, filed by Plaintiff Austin Edward Lightfeather ("Plaintiff"), as well as the return of unexecuted summons for defendants Officer Wolf and Officer Helm, Filing Nos. 33 and 34.

      In the Discovery Motions it appears Plaintiff seeks to obtain copies of several videos which he contends are recordings of the incidents at issue in his complaint. *See* Filing No. 27 and Filing No. 28. Federal Rule of Civil Procedure 34 governs discovery seeking the production of "documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Fed. R. Civ. P. 34(a)(1)(A). While requests for production (like the Discovery Motions filed by Plaintiff) may be served directly upon the party being asked to

produce the requested discovery, *see* Rule 34(a), discovery requests are not to be filed with the Court until needed for trial, resolution of a motion, or on the Court's Order, *see* NECivR 5.4(a).

Additionally, Plaintiff's Discovery Motions are premature as the summons for both Officer Wolf and Officer Helm were returned as unexecuted as both Wolf and Helm are no longer employed by the Lancaster County Department of Corrections. *See* Filing Nos. 33 and 34. As such this Court has yet to enter a progression order which begins the discovery process in this matter, and it shall not be entered until Wolf and Helm have been served. For these reasons, the Discovery Motions shall be denied without prejudice to reassertion as premature.

IT IS THEREFORE ORDERED:

1.    The Discovery Motions, Filing No. 27 and Filing No. 28, are denied without prejudice to reassertion as premature.

2.    The Court is aware that some of Defendants have not been served with Plaintiff's Amended Complaint in Case No. 8:22CV247 because those individuals are no longer employed at by the Lancaster County Department of Corrections. Accordingly:

    a.    The Clerk of the Court is directed to obtain the last-known addresses for Defendants Officers Wolf and Helm from the United States Marshals Service for service of process on Defendants Wolf and Helm in their individual capacities.

    b.    Once such addresses are obtained, the Clerk of the Court is directed to complete summons forms and USM-285 forms for Defendants using the addresses provided by the Marshals Service and forward them together with a copy of the Amended Complaint, Filing No. 15, and Filing No. 16, a copy of the

Court's October 3, 2024, Memorandum and Order, Filing No. 20, and a copy of this Memorandum and Order to the United States Marshals Service for service of process on Defendants Wolf and Helm in their individual capacities. The Marshals Service shall serve Defendants Wolf and Helm in their individual capacities using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

3. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

4. The Clerk of the Court is directed to set the following pro se case management deadline: **April 22, 2025**: check for completion of service of process.

Dated this 22nd day of January, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court