IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER BLUE, in his individual capacity; OFFICER JOHNSON, in his individual capacity; OFFICER HELM, in his individual capacity; OFFICER WOLF, in her individual capacity; OFFICER THOMAS, in his individual capacity; and SGT. NEEDMAN, in his individual capacity;<br><br>Defendants. | 8:22CV247<br><br>**MEMORANDUM AND ORDER** |

Before the Court is a motion (the "Motion for Reconsideration"), Filing No. 38, and a motion for status, Filing No. 42, filed by Plaintiff Austin Edward Lightfeather ("Plaintiff").

The motion for status, Filing No. 42, is hereby granted. The status of the case and disposition of the Motion for Reconsideration follows here.

In the Motion for Reconsideration Plaintiff seeks reconsideration of this Court's January 22, 2025, order, Filing No. 35, denying two motions for discovery filed by Plaintiff, Filing Nos. 27 & 28. The two prior discovery motions were denied in the January 22 Order because: (1) discovery motions are not to be filed with the Court per local rule, and (2) Plaintiff's motions were premature as service of all defendants was not yet complete at the time Plaintiff filed his motions. Filing No. 35 at 1–2 (explaining that until service on all defendants is complete and those parties have filed an answer, the Court

shall not enter a progression order which starts the discovery process). Specifically, at the time the January 22 Order was filed service had yet to be completed as to both defendants Helm and Wolf; therefore, the discovery process had not yet begun. *Id.* at 2.

Now, Plaintiff appears to argue both that he requires the Court's assistance to obtain certain video evidence which he deems relevant to his case, and that there is no need to wait for service of either Helm or Wolf as they were dismissed as defendants in November of 2024. Filing No. 38 at 2–3. However, both Helm and Wolf remained in the case as defendants via the Court's October 3, 2024, initial review order, which allowed Plaintiff's Fourteenth Amendment claim for monetary relief to proceed against defendants Thomas, Johnson, Blue, Helm, and Wolf, in their individual capacities, relating to their use of force against Plaintiff in the Cell Search Incident. Filing No. 20 at 17. A review of the correspondence and other motions filed by Plaintiff with this Court, in November 2024, does not clearly indicate that Plaintiff intended to voluntarily dismiss Wolf or Helm from this matter. *See* Filing Nos. 26, 27 and 28.

While defendant Wolf has since been served (but has not yet filed his answer), *see* Filing No. 40, defendant Helm has yet to be served, *see* Filing No. 39, rendering any discovery premature for the reasons relating to service of process set forth in this Court's January 22 Order. If Plaintiff intends to dismiss Wolf and/or Helm from this matter, he may do so by filing a motion to voluntarily dismiss either (or both) defendants from this action with this Court. If Plaintiff chooses to voluntarily dismiss defendant Helm, then the matter may proceed once defendant Wolf files his answer. If Plaintiff chooses to dismiss both Wolf and Helm, then it is appropriate to progress the case. Otherwise, this Court shall not enter a progression order governing discovery,

2

among other matters, until service on defendant Helm is complete and defendants Helm and Wolf have filed their answers.

Moreover, to the extent Plaintiff seeks information he believes is in the custody or control of Defendant, this Court will not facilitate discovery between the parties unless it is called upon to resolve a dispute over which the parties cannot reach an agreement. Pursuant to NECivR 7.1(i),

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or emails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

Therefore, even if Plaintiff's discovery motions were not premature, Plaintiff has not complied with NECivR 7.1(i). For these reasons Plaintiff's Motion for Reconsideration should be denied without prejudice to reassertion.[1]

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Motion for Status, Filing No. 42, is granted. The matter shall not progress until defendant Helm is either served or voluntarily dismissed.

---

[1] When discovery is open, Plaintiff should serve his discovery requests on counsel for Defendants or on the entities from which he seeks production, not this Court. *See* Fed. R. Civ. P. 34 (a party may serve a request on another party to produce relevant and non-privileged documents in the party's possession, custody, or control); Fed. R. Civ. P. 45 (governing subpoenas for production of documents to non-parties).

3

2. Plaintiff's motion seeking reconsideration of the denial of Plaintiffs previously filed discovery motions, Filing No. 38, is denied without prejudice.

Dated this 13th day of May, 2025.

BY THE COURT:

*John M. Gerrard* (signature)

John M. Gerrard
Senior United States District Judge