IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | |
| Plaintiff, | 8:22-CV-247 |
| vs. | ORDER |
| OFFICER BLUE, in his individual capacity, et al., | |
| Defendants. | |

The plaintiff has filed a "motion to recuse" (filing 72) asking the Court to disqualify Magistrate Judge Cheryl R. Zwart from all of his civil cases.[1] The Court will deny that motion.

The Court notes that Judge Zwart is no longer performing duties on any of the plaintiff's cases, so his motion is moot. But his allegations would not support disqualification regardless. Pursuant to 28 U.S.C. § 144,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

---

[1] I am authorized, by this Court's rules, to assign and reassign magistrate judges for cases in which I am presiding judge. *See* NEGenR 1.4(a)(3)(B).

But—even assuming that the plaintiff's signed motion qualifies as an "affidavit" within the meaning of § 144—his allegations here are insufficient.

To support judicial disqualification, a legally sufficient affidavit must allege bias or prejudice, <u>and</u> such bias or prejudice must stem from an extrajudicial source. *United States v. Faul*, 748 F.2d 1204, 1211 (8th Cir. 1984). That is, "bias or prejudice" doesn't include opinions held by judges acquired in the course of the proceedings, nor does it include opinions held as a result of what judges learned in earlier proceedings. *Liteky v. United States*, 510 U.S. 540, 551 (1994). A party isn't entitled to recusal even when a judge is ill-disposed toward him, where the judge's knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings. *In re Steward*, 828 F.3d at 682; *see Rubashkin*, 655 F.3d at 858. And judicial rulings rarely establish a valid basis for recusal. *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013).

Here, the defendant's accusations are substantiated only by unfavorable rulings in previous litigation, which are neither extrajudicial nor indicative of bias. *See United States v. Larsen*, 427 F.3d 1091, 1095 (8th Cir. 2005); *see also United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014). Accordingly,

> IT IS ORDERED that the plaintiff's "motion to recuse" (filing 72) is denied.

Dated this 14th day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge